IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA CALLOWAY, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-23-306-SLP ) |
| KENYON MORGAN, as agent of PRIME TIME HOUSING, LLC, and individually, et al., | ) ) ) ) |
| Defendants. | ) ) |

**O R D E R**

Before the Court is the Motion to Dismiss [Doc. No. 5] filed by Defendants Kenyon Morgan (Mr. Morgan) and Prime Time Housing, LLC (Prime Time). Plaintiff Donna Calloway (Ms. Calloway) has responded [Doc. No. 13], and Defendants have replied [Doc. No. 14]. For the reasons that follow, the Motion is DENIED.

**I.   Background**

Ms. Calloway brings this action for housing discrimination and retaliation in violation of the Fair Housing Act (FHA) in connection with the sale of a home to Ms. Calloway by Mr. Morgan and Prime Time. *See* Compl. [Doc. No. 1]. Mr. Morgan is the owner and managing member of Prime Time, which is an Oklahoma limited liability company (LLC) registered with the Secretary of State. *Id.* ¶¶ 11-12. Prime Time was the owner of the subject home.[1]  *See id.* ¶ 16.

---

[1] The parties discuss an incidental issue regarding the status of Prime Time as an "expired" LLC from 2020 to 2023. *See* Mot. [Doc. No. 5] at 3, n. 1; *see also* Resp. [Doc. No. 13] at 4-5. But there is no dispute Prime Time is currently an active LLC with capacity to be sued, and the parties do not connect their discussion to the issue of whether the Court has subject matter jurisdiction.

Ms. Calloway alleges that Mr. Morgan purchased the subject house on behalf of Prime Time in 2018 to allow Ms. Calloway to live there and provide around-the-clock caregiver services for Mr. Morgan's spouse who had a mental disability. *Id.* ¶¶ 13-16. Mr. Morgan's spouse lived in the house with Ms. Calloway during the week and went to Mr. Morgan's nearby home on the weekends. *Id.* ¶ 17.

Ms. Calloway alleges she had a written agreement with Mr. Morgan and Prime Time for her purchase the subject property for $205,000.00. *See id.* ¶¶ 19-22. Pursuant to their agreement, Mr. Morgan deducted amounts from Ms. Calloway's paycheck toward the balance of the purchase price, reducing her pay for 64 hours of weekly overtime which she alleges was $2,496.00 per week. *Id.* ¶¶ 19, 24-27. Mr. Morgan withheld those payments from November 1, 2018 through September 27, 2021, and Ms. Calloway alleges the amount withheld totals $379,392.00. *Id.* ¶¶ 27-28.

Ms. Calloway alleges that in 2020 Mr. Morgan began requesting that she "be [his] mistress" and participate in a sexual relationship with him. *Id.* ¶¶ 29-32. She states that she initially refused, but Mr. Morgan followed her home and told her she would lose the house, her equity in the house, and her job. *Id.* ¶¶ 33-39. Ms. Calloway alleges the parties had sex the day Mr. Morgan began pressuring her, after which Mr. Morgan told her to "think of it as ministry" because he knew Ms. Calloway was a Christian. *Id.* ¶¶ 40-44. Over the next year, Mr. Morgan continued demanding sexual favors and sometimes forced himself upon Ms. Calloway when she refused. *See id.* ¶¶ 49-52.

Ms. Calloway terminated the sexual relationship in June of 2021. *Id.* ¶ 55. She alleges Mr. Morgan (or someone on his behalf) removed her copy of the purchase

agreement from the house, and Mr. Morgan tried to force her to sign a new agreement that did not credit her for the prior payments. *Id.* ¶¶ 56-57. Ms. Calloway refused because she believed she had paid off the house by then. *Id.* ¶ 58. Mr. Morgan issued Ms. Calloway a notice to vacate, and then initiated eviction proceedings in state court on behalf of Prime Time. *Id.* ¶¶ 59-61.

Ms. Calloway asserts the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because her claims are premised on the FHA. Compl. [Doc. No. 1] ¶ 7. Ms. Calloway's first set of claims (styled as "Count 1" in her Complaint) are for various violations of the FHA discrimination provisions in 42 U.S.C. § 3604, namely: (1) housing discrimination on the basis of sex in violation of the § 3604(a); (2) housing discrimination on the basis of religion under § 3604(b); and (3) discriminatory statements in violation of § 3604(c). Compl. [Doc. No. 1] at 11. In "Count 2" of her Complaint, Ms. Calloway asserts a claim of unlawful retaliation for exercise of rights protected under the FHA pursuant to 42 U.S.C. § 1367. *Id.* at 12. She also includes various state law claims for which she asserts the Court has supplemental jurisdiction. *See id.* at 2, 12-17.

**II.   Discussion**

Mr. Morgan and Prime Time bring their Motion as one for dismissal based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). [Doc. No. 5] at 1-2, 8-9. They argue the Court lacks original jurisdiction "because the Fair Housing

Act, 42 U.S.C. § 3601 *et seq.* is not applicable." *Id.* at 3-8. Their argument is based on the exemptions from the FHA set forth in 42 U.S.C. § 3603(b).[2] *See id.*

The Motion is not properly considered as one for lack of subject matter jurisdiction under Rule 12(b)(1). "Courts have consistently characterized exemptions to the FHA as affirmative defenses" that have no bearing on subject matter jurisdiction. *United States v. Space Hunters, Inc.*, 429 F.3d 416, 426 (2d Cir. 2005); *Osborne v. Belton*, 131 F.4th 262, 271 (5th Cir. 2025) ("an FHA exemption is an affirmative defense and has 'no bearing on jurisdiction.'" (quoting *Space Hunters*, 429 F.3d at 425)); *Ho v. Donovan*, 569 F.3d 677, 682 (7th Cir. 2009) ("Section 3603(b) is . . . an affirmative defense . . . That § 3603(b)(1) requires facts outside the pleadings, facts likely in the possession of the respondent . . . also shows why it is best treated as an affirmative defense"); *Massaro v. Mainlands Section 1 & 2 Civic Ass'n, Inc.*, 3 F.3d 1472, 1474, 1476 n. 6 (11th Cir. 1993) (discussing an FHA exemption as an affirmative defense); *United States v. Columbus Country Club*, 915 F.2d 877, 882-85 (3d Cir. 1990) (describing FHA exemptions as affirmative defenses); *see also Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)

---

[2] Mr. Morgan and Prime Time first argue the FHA does not apply because the subject property is not owned by the federal government and does not involve federal funding as discussed in § 3603(a)(1). Mot. [Doc. No. 5] at 3-4. But "[a]pplication of the Fair Housing Act after December 31, 1968 . . . does not turn on the presence or absence of federal financing." *Morgan v. Sec'y of Hous. & Urb. Dev.*, 985 F.2d 1451, 1455 (10th Cir. 1993); *see also* 42 U.S.C. § 3603(a)(1) (providing that the "prohibitions against discrimination in the sale or rental of housing set forth in section 3604" apply "[a]fter December 31, 1968 . . . to *all other dwellings* except as exempted by subsection (b)." (emphasis added)).

4

(explaining that an affirmative "defense, however valid, does not oust the district court of subject matter jurisdiction." (internal quotation marks and citation omitted)).

Accordingly, the Court declines to consider the exhibits included with the parties' submissions. *See Space Hunters, Inc.*, 429 F.3d at 426 (holding the district court should not have considered evidence outside the complaint because "the 'Mrs. Murphy' exemption is an affirmative defense having no bearing on subject matter jurisdiction"). And Ms. Calloway's Complaint is sufficient to establish subject matter jurisdiction based on claims arising under federal law. *See City of Glenpool*, 698 F.3d at 1274 ("[O]nce the court's jurisdiction has been properly invoked in the plaintiff's complaint, the assertion of [an affirmative] defense is relevant only to whether the plaintiff can make out a successful claim for relief, and not to whether the court has original jurisdiction over the claim itself.").

In any event, Ms. Calloway brings a claim for discriminatory statements violative of the FHA pursuant to section 3604(c), and such a claim is not subject to the exemptions set forth in section 3603(b). *See* 42 U.S.C. § 3603(b) (setting forth exemptions to § 3604 "other than subsection (c)"); *Czerwinski v. Gallagher*, 661 F. Supp. 3d 718, 725 (E.D. Mich. 2023) ("[B]oth case law and scholarship confirm that . . . § 3603(b)(1) does not offer an exemption from liability under § 3604(c)." (collecting cases)); *Thurmond v. Bowman*, 211 F. Supp. 3d 554, 562 (W.D.N.Y. 2016) ("Based on the plain language of the statute, it

is clear that § 3604(c) of the FHA applies even under the exempted circumstances set forth in § 3603(b).").

Ms. Calloway also asserts a claim for unlawful retaliation under section 1367 of the FHA, which is not subject to the exclusionary provisions of section 3603(b). *See* 42 U.S.C. § 3603(b) (setting forth exemptions to "section 3604 of this title" but not referencing section 1367); *Tate-Austin v. Miller*, No. 21-CV-09319-MMC, 2022 WL 1105072, at *3 n. 6 (N.D. Cal. Apr. 13, 2022) (noting "§ 3603(b) does not apply to FHA claims brought under §§ 3604(c) . . . or 3617."). Accordingly, the Court has subject matter jurisdiction regardless of whether the FHA exemptions bar Ms. Calloway's claims under sections 3604(a), (b).[3] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of

---

[3] The Court declines to further consider at this juncture whether Mr. Morgan and Prime Time are exempt from Ms. Calloway's claims for violations of §§ 3604(a), (b) because they do not move for dismissal of those claims pursuant to Fed. R. Civ. P. 12(b)(6). In any event, this is not a situation where "there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, and realistically nothing further can be developed by pretrial discovery" such that the affirmative defense may be considered on a motion to dismiss. *See Frost v. ADT, LLC*, 947 F.3d 1261, 1267 (10th Cir. 2020) (quoting Wright & Miller, Federal Practice and Procedure § 1277 (3d ed. 2002)); *see also Bistline v. Parker*, 918 F.3d 849, 876 (10th Cir. 2019) ("A complaint need not anticipate any affirmative defenses that may be raised by the defendant . . . [I]t is only proper to dismiss a complaint based on an affirmative defense when the complaint itself admits all the elements of the affirmative defense."). The parties reference matters outside the pleadings in connection with their arguments regarding the FHA exemptions, namely whether Mr. Morgan or Prime Time own more than three single-family houses. *See* Mot. [Doc. No. 5] at 6; *see also* Resp. [Doc. No. 13] at 4-5; Reply [Doc. No. 14] at 1-2. Accordingly, dismissal would not be appropriate even if it had been properly sought by Mr. Morgan and Prime Time.

all civil actions arising under the Constitution, laws, or treaties of the United States."). For all these reasons, the Motion is DENIED.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 5] is DENIED.

IT IS SO ORDERED this 1st day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE